**AKERMAN LLP**
DAMIEN P. DELANEY (SBN 246476)
damien.delaney@akerman.com
KEVIN FINLEY (SBN 318193)
kevin.finley@akerman.com
601 West Fifth Street, Suite 300
Los Angeles, California 90071
Telephone: (213) 688-9500
Facsimile:  (213) 627-6342

Attorneys for Defendants
CW SILICON VALLEY, LLC, and CITY WIDE MAINTENANCE CO., INC.,

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE FALLON, an individual<br><br>Plaintiffs,<br><br>v.<br><br>CW SILICON VALLEY, LLC, a Kansas Limited Liability Company; CITY WIDE, MAINTENANCE CO., INC., a Missouri Corporation; ROB ELLIS, an individual; MICHAEL CANN, an individual; and DOES 1 to 50, inclusive<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§ 1332. 1441(b). 1446 (DIVERSITY)**<br><br>[Concurrently filed with Civil Cover Sheet; Corporate Disclosure Statement; Certification of Interested Parties; and Declarations of Rob Ellis and Michael Cann]<br><br>Complaint Filed: May 3, 2023 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE THAT** defendants CW SILICON VALLEY, LLC, and CITY WIDE MAINTENANCE CO., INC., (hereinafter collectively "Defendants"), through undersigned counsel, hereby remove this state court action entitled *STEVEN FALLON, an individual, Plaintiffs v. CW SILICON VALLEY, LLC, a Kansas Limited Liability Company; CITY WIDE, MAINTENANCE CO., INC., a Missouri Corporation; ROB ELLIS, an individual; MICHAEL CANN, an individual; and DOES 1 to 50, inclusive, Defendants*, Case No. 23-CIV-02045 ("Complaint"), filed in the Superior Court of California, County of San Mateo.[1] In compliance with 28 U.S.C. § 1446, Defendants assert the following grounds for removal:

**I.  STATEMENT OF JURISDICTION**

1. This case is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and is one that may be removed to this Court pursuant to 28 U.S.C. § 1441, because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.  As set forth below, this case meets all of the diversity statute's requirements for removal and Defendants' filing of this Notice of Removal is timely and proper.

**II.  SATISFACTION OF PROCEDURAL REQUIREMENTS**

2. On or about May 3, 2023, plaintiff Steven Fallon ("Plaintiff") filed the Complaint in the Superior Court of California, County of San Mateo.  Plaintiff's Complaint in the state court action asserts five causes of action for: (1) Breach of Contract; (2) Unpaid Wages; (3) Assault;  (4) Retaliation in Violation of California Labor Code § 1102.5 and (5) Retaliation in Violation of California Labor Code § 230(e).

---

[1] Plaintiff Steven Fallon has named, but not served, individual Defendants Rob Ellis and Michael Cann. Although the aforementioned defendants reserve all objections and defenses, including, without limitation, objections to service and jurisdiction, they nevertheless join in and consent to this removal.

3. Defendant CW Silicon Valley, LLC's registered agent for service of process was served with the Complaint on May 8, 2023.

4. Defendant City Wide Maintenance Co., Inc.'s was served with the Complaint on May 8, 2023. True and correct copies of the documents served on Defendants CW Silicon Valley, LLC and City Wide Maintenance Co., Inc.'s registered agents are attached hereto as **Exhibit A**.

5. On June 5, 2023, Defendants CW Silicon Valley and City Wide Maintenance Co., Inc., caused their Answer to the Complaint to be filed with the Superior Court of California, County of San Mateo and served on Plaintiff's counsel. A true and correct copy of the service copy of Defendant CW Silicon Valley and City Wide Maintenance Co., Inc.'s Answer, which was submitted for eFiling on June 5, 2023, is attached hereto as **Exhibit B** and is incorporated by reference.

6. A defendant in a civil action has 30 days from the date it is validly served with a summons and complaint to remove the action to federal court. *See* 28 U.S.C. § 1446(b)(1)("The notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."); *Rea v. Michaels Stores, Inc.*, 742 F.3d 1234, 1237-38 (9th Cir. 2014).

7. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed within 30 days after Defendants CW Silicon Valley, LLC and City Wide Maintenance Co., Inc.'s registered agents for service of process were served with the summons and Complaint on May 8, 2023. (*See* Declaration of Rob Ellis ("Ellis Decl."), ¶¶ 6-7.)

8. In accordance with 28 U.S.C. § 1446(d), Defendants will promptly give written notice to Plaintiff of the filing of this Notice of Removal and will file a copy of

the Notice with the clerk of the Superior Court of the State of California, County of San Mateo. Further, in accordance with Federal Rule of Civil Procedure 7.1, Defendants concurrently filed their Disclosure Statement and Notice of Interested Parties.

### III.     BASIS FOR REMOVAL: DIVERSITY JURISDICTION EXISTS

9. Under 28 U.S.C. § 1332(a)(1), the federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a); *see also Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002)(describing "the core principle" of removal jurisdiction on the basis of diversity as the fact that diversity jurisdiction "is determined (and must exist) as of the time the complaint is filed and removal is effected").

10. The United States Supreme Court has held under 28 U.S.C. § 1446(a), that a defendant seeking to remove a case to federal court need only file a "notice of removal" containing a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co.*, *LLC v. Owens,* 135 S. Ct. 547, 553 (2014). The Court further held this language "tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure" and that "[a] statement short and plain need not contain evidentiary submissions." *Id*. at 551, 553.

11. As discussed below, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and is one that Defendants may remove to this Court pursuant to 28 U.S.C. § 1441(a), in that (1) it is a civil action between citizens of different states; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.     Complete Diversity Exists Between the Parties.

12. For removal purposes, citizenship is measured both when the action is filed and removed. *Strotek Corp.*, 300 F.3d at 1131; *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

### (1) Plaintiff is a Citizen of California.

13. "To show state citizenship for diversity purposes under federal common law a party must (1) be a citizen of the United States, and (2) be domiciled in the state. *Kantor v. Wellsley Galleries*, *Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). "The natural person's state citizenship is then determined by her state of domicile, not her state of residence." *Kanter*, 265 F.3d at 857. A person's "domicile is evaluated in terms of 'objective facts,' and "courts have held that the determination of an individual's domicile involves a number of factors (no single factor controlling), including: current residences, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew v. Moss*, 797 F.2d. 747, 750 (9th Cir. 1986). For diversity purposes, and individual's domicile is "her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter*, 265 F.3d at 857. "[T]he existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed." *Lew*, 797 F.2d at 750.

14. Here, at all times relevant to this action, Plaintiff has resided and been domiciled in the State of California. Plaintiff alleges that, at all relevant times, he "worked out of the Belmont, California offices of City wide" and "the events giving rise to this action occurred in San Mateo County, California." (*See* Compl. ¶¶ 1, 9.) Further, personnel and other employment records for Plaintiff indicate that, during the entire period of his employment with Defendant CW Silicon Valley, LLC, (through and including his termination), Plaintiff lived in California and worked for Defendant CW Silicon Valley, LLC in Belmont, California. (*See* Ellis Decl., ¶¶ 10-12.). Indeed, Plaintiff does not allege that he was a citizen of any other state. (*See generally,* Compl.)

15. Thus, Defendants are informed and believe that Plaintiff is and was a citizen of California for purposes of determining diversity jurisdiction for this removal.

   (2) <u>Defendants Are Not Citizens of California</u>.

    **(a)** **City Wide Maintenance Co., Inc. is a Citizen of Kansas and Missouri.**

16. At all times on or after the date the Complaint was filed, Defendant City Wide Maintenance Co., Inc. has been a citizen of Kansas and Missouri.

17. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]"

18. The United States Supreme Court has interpreted the phrase "principal place of business" as used in this statute to "refer[] to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). Also known as the corporation's "nerve center," the company's principal place of business "will typically be found at a corporation's headquarters." *Id*. at 81, 92-93, 95 (concluding that "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities," and that, "in practice," it "should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control and coordination, . . .and not simply an office where the corporation holds its board meetings"); *see also Harris v. Rand,* 682 F.3d 846, 851 (9th Cir. 2012)(same).

19. Here, Defendant City Wide Maintenance Co., Inc. is a corporation incorporated under the laws of the state of Missouri, with its principal place of business in Lenexa, Kansas. (*See* Ellis Decl., ¶ 3.) Thus, Defendant City Wide Maintenance Co., Inc. is a citizen of Missouri and Kansas, and is *not* a citizen of the State of California.

    **(b)** **The Individual Defendants are Citizens of Missouri and Virginia.**

20. As explained above, the state citizenship of a natural person is determined by his state of domicile, which is his permanent home where he resides with the

intention to remain or to which he intends to return. *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001).

21. Here, individual Defendant Rob Ellis is a citizen of Missouri. (Ellis Decl. ¶ 2.)

22. Individual Defendant Michael Cann is a citizen of Virginia. (Declaration of Michael Cann ("Cann Decl.") ¶¶ 1-3.)

### (c) CW Silicon Valley, LLC is a citizen of Kansas, Virginia and Missouri.

23. A limited liability company is a citizen of every state of which its owners/members are citizens. *Johnson v. Columbia Props. Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006). The members of the LLC are the Jeffrey B. Oddo Family Trust, Rob Ellis and Michael Cann. (Ellis Decl. ¶ 4; Cann Decl. ¶ 2). For purposes of diversity jurisdiction, the citizenship of a trust is based on the citizenship of its members, which includes the shareholder-beneficiaries as well as the trustees. *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016). Accordingly, the citizenship of the LLC's members and the LLC itself is: (a) Mr. Ellis, who is a citizen of Missouri. He was a citizen of Missouri both when the state court action was filed, and at the time of removal. (Ellis Decl. ¶ 2.) (b) Mr. Cann, who is a citizen of Virginia. He was a citizen of Virginia both when the state court action was filed, and at the time of removal. (Cann Decl. ¶¶ 1-3.) Bradford T. Oddo and James P. Adler, P.C., a Missouri corporation are the trustees of the Oddo Family Trust, and the beneficiaries of the trust are all citizens of Tennessee and Kansas. They were citizens of Tennessee and Kansas both when the state-court action was filed, and at the time of removal. (Ellis Decl. ¶¶ 4-5.) So, the Jeff Oddo Family Trust is a citizen of Missouri, Kansas and Tennessee.

### (3) The Citizenship of "Doe" Defendants Must Be Disregarded.

24. The citizenship of fictitiously named "Doe" defendants is disregarded for purposes of removal. *See* 28 U.S.C. § 1441(b)(1); *see also Newcombe v. Adolf Coors*

*Co.*, 157 F.3d 686, 690 (9th Cir. 1998) (holding that, in determining whether diversity of citizenship exists, only the named defendants are considered). Therefore, Plaintiff's inclusion in the Complaint of "Defendants DOES 1-50" (Compl. ¶ 8), cannot defeat diversity jurisdiction.

25. At all times relevant to this action, Defendants have been citizens of the State of Kansas, Missouri and Virginia. At all times relevant to this action, Plaintiff has been a citizen of the State of California. (*See Strotek Corp. v. Air Transport Ass'n of Am.*, 300 F.3d 1129 (9th Cir. 2002)(in actions removed based on diversity jurisdiction, diversity of citizenship must exist when the complaint is filed and when removal is effected).

26. Accordingly, Plaintiff is diverse from all defendants and complete diversity exists under 28 U.S.C. § 1332.

### B. Defendants Only Have To Show By A Preponderance of the Evidence That the Amount in Controversy Exceeds $75,000.

27. This Court further has original jurisdiction over the case pursuant to 28 U.S.C. § 1332(a)(1) and 1441(a) because, based upon the allegations in the Complaint, and the evidence set forth in the accompanying declarations, it is more likely than not that the amount in controversy exceeds $75,000, exclusive of interests and costs. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004)(amount in controversy inquiry in the removal context is not confined to the face of the complaint).

28. In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages and other monetary relief, including compensatory damages, special damages, emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *See Hunt v. Washington State Apple Advertising Comm'n* 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Anthony v. Security Pac. Fin'l Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996). These damages include those that can reasonably be anticipated at the time of removal, not merely those already incurred. *Simmons v. PCR Tech.,* 209 F. Supp. 2d

1029, 1035 (N.D. Cal. 2002); *see also Celestino v. Renal Advantage Inc.*, No. C 06-07788 JSE, 2007 WL 1223699 (N.D. Cal. April 24, 2007) ("[T]he amount in controversy includes not only damages accrued up to the time of removal, but also a reasonable assessment of damages likely to be accrued after the time of removal.") Defendant need only establish, by a preponderance of the evidence, that Plaintiff's claims exceed the jurisdictional minimum. *Valdez,* 372 F.3d at 1117.

29.     Plaintiff's Complaint does not identify the amount in controversy in this action, though the Complaint and Civil Cover Sheet does indicate that the amount in controversy exceeds the minimum jurisdiction amount for the superior court ($25,000). (Compl. Civil Cover Sheet.)  However, the $75,000 threshold necessary for diversity jurisdiction is not particularly burdensome and can be determined from other sources, including statements made in the Notice of Removal. (*See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (examining the complaint and removal notice in assessing amount in controversy); *see also Valdez v. Allstate Ins. Co.,* 372 F. 3d 1115, 1117 (9th Cir. 2004)("[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint").

30.     Defendants adamantly deny all allegations of unlawful conduct, deny any liability to Plaintiff and deny that Plaintiff can recover any damages.  Nevertheless, in assessing the amount in controversy for diversity-jurisdiction purposes, a court must assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Bank of California Nat. Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972); *Roth v. Comerica Bank,*  799 F. Supp.2d 1107, 1117 (C.D. Cal. 2010).  Further, a court must account for claims for not only compensatory damages, but also punitive damages. *See*, *e.g.*, *Bell v. Preferred Life Ass'n Society*, 320 U.S. 238, 240 (1940); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001), holding modified by *Exxon Mobil Corp. v. Allapattah Servs.*, *Inc.*, 545 U.S. 546 (2005)("It is well established that punitive damages are part of the amount in controversy in a civil action").

31. In the instant case, there is no doubt that the amount in controversy exceeds the $75,000 minimum. In the Complaint, Plaintiff alleges "a valid and enforceable employment contract" was formed, pursuant to which he was promised a "quarterly bonus opportunity of $25,000" which he alleges was breached by Defendants CW Silicon Valley, LLC and City Wide Maintenance, Co., Inc. (Compl. ¶¶ 12, 19-22 and 24.) Given that Plaintiff was employed for one year with CW Silicon Valley, Plaintiff's alleged damages for this claim alone is $100,000, which exceeds the $75,000 jurisdictional threshold for removal.

32. Additionally, Plaintiff seeks damages consisting of: "(a) compensatory damages, including economic, emotional distress and exemplary damages; (b) unpaid wages; (c) statutory damages/penalties; (d) attorneys' fees and costs pursuant to California Labor Code sections 218.5 and/or 1194; (e) prejudgment interest pursuant to California Labor Code sections 218.6 and Civil Code section 3289 and (f) other and further relief as the Court may deem proper and just under the circumstances." (Compl. Prayer for Relief, ¶¶ 1-6.)  Plaintiff's allegations are sufficient to satisfy § 1332(a)'s amount in controversy requirement.  Plaintiff need not show how she arrived at the amount of damages claimed. *See K. Durant Enterprises LLC v. Swanson Travel Professionals, Inc.*, No. CV 13-01534 MMM (AJWx), 2014 WL 545843, at *2 (C.D. Cal. Feb. 10, 2014) (relying on a prayer for relief to determine amount in controversy).

33. Plaintiff's claim for damages was apparently made in good faith. Although Defendants deny Plaintiff's allegations and deny that they are liable to Plaintiff for any alleged injuries, the jurisdictional minimum is facially apparent from Plaintiff's Complaint due to the allegations of breach of contract on its own likely exceeds $75,000.

34. Further, Plaintiff's claim for compensatory damages for emotional distress, on its own, likely exceeds $75,000. *See Simmons v. PCR Technology, Inc.* 209 F. Supp. 2d 1029 (N.D. Cal. 2002)(noting that emotional distress damages in a successful employment case "may be substantial").  A number of verdicts in

employment cases confirm that emotional distress awards in employment cases, standing alone, can easily exceed $75,000[2]:

- *Sonia Lozano v. Alcoa Inc., Alcoa Fastening Systems,* Superior Court of California, County of Los Angeles, 2006 WL 2561276 (Cal. Super. Apr. 19, 2006) (jury awarded the plaintiff $9,065,000 after determining that the plaintiff was wrongfully terminated and that defendant intentionally inflicted emotional distress on her);

- *Forer v. St. Luke's Hospital,* United States District Court, N.D. California, 2001 WL 558058 (N.D. Cal. Mar. 21, 2001) (jury awarded $260,000 for emotional distress in connection with the plaintiff's wrongful termination claim);

- *Andrews v. Hansa Stars, Inc.,* Superior Court of California, County of Los Angeles, 2009 WL 1587809 (Cal. Super. Apr. 16, 2009) (in connection with wrongful termination claims, two of the plaintiffs received $375,000 and $225,000 for emotional distress damages);

- *Silverman v. Stuart F. Cooper, Inc.*, Superior Court of California, County of Los Angeles, 2013 WL 5820140 (Cal. Super. July 19, 2003) (jury awarded the plaintiff $151,333 for past and future emotional distress in case involving claims for wrongful termination, FEHA discrimination, FEHA retaliation, FEHA harassment/failure to prevent discrimination and harassment, and failure to pay final wages).

35. Although Defendants adamantly deny that any award of damages are recoverable, Plaintiff's prayer for compensatory damages for emotional distress, by itself, satisfies the $75,000 requirement.

---

[2] *See Ontiveros v. Michaels Stores, Inc.,* No. CV 12-09437 MMM (FMOx), 2013 WL 815975, at *2 (C.D. Mar. 5, 2013) (a court may consider verdicts in similar cases when determining whether the amount in controversy exceeds the jurisdictional minimum where the complaint on its face does not identify a specific amount in controversy); *see also Marcel v. Pool Co.*, 5 F.3d. 81, 83 (5th Cir. 1983)(court properly considered jury verdicts in other similar cases to reach conclusion that the amount in controversy exceeded $75,000.)

36. Plaintiff also wants Defendants to pay "exemplary damages" or punitive damages according to proof. (Compl. Prayer for Relief, ¶ 1.)  Many punitive damages verdicts against businesses exceed $75,000. *See Duin v. Allstate Insurance Co.*, 1997 WL 813002 at *2, No. 97CV1113JM (RBB) (S.D. Cal. Dec. 15, 1997) (since removing defendant was a corporation, "it [was] more likely that any award of punitive damages would exceed $75,000"); *see also Richmond v. Allstate Ins. Co.*, 897 F.Supp. 447, 451 (S.D. Cal. 1995).   For instance, the following similar punitive damages verdicts demonstrate as much:

- *Leggins v. Thrifty Payless Inc. d/b/a Rite Aid,* Los Angeles Superior Court Case No. BC511139, 2015 WL 4748037 (Cal. Super. July 17, 2015) (jury verdict for the plaintiff in the amount of $8,769,128, including $5,000,000 in punitive damages, $213,213 for past economic loss, $1,055,915 for future economic loss, $1,500,000 for past non-economic loss, and $1,000,000 for future economic loss, for claims of wrongful termination, disability discrimination, harassment, and retaliation in violation of FEHA and the FMLA, and failure to prevent discrimination, harassment and retaliation).

- *Verdine v. McDonnel-Douglas Corp. et al.*, 1998 WL 35471332 (Cal.Super. July 7, 1998)($26,000,000 in punitive damages, $544,205 in economic damages; and $1,500,000 in non-economic damages awarded in wrongful termination case).

- *Yang v. ActionNet, Inc.*, No. 2:14-cv-00792-AB-PJW, 2016 WL 2748603 (C.D. Cal. Mar. 18, 2016)(wrongful termination case where $2,400,000 in compensatory damages and $5,000,000 in punitive damages awarded to the plaintiff).

37. Although Defendants adamantly deny that any award of damages, let alone punitive or exemplary damages are recoverable, Plaintiff's prayer, by itself, also satisfies the $75,000 requirement.

## IV. VENUE

38. In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending. The State Court Action is pending in the Superior Court of California, County of San Mateo, which is located in the Northern District of California. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## V. NOTICE

39. Defendants will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which this action is pending, as required under 28 U.S.C. § 1446(d).

## VI. PRAYER FOR REMOVAL

40. WHEREFORE, because complete diversity exists between Plaintiff and Defendants, and because the amount in controversy exceeds the jurisdictional amount for removal, this Court is vested with subject matter jurisdiction over this matter and this action is removable to this Court for these reasons under 28 U.S.C. §§ 1332 and 1441. Accordingly, Defendants pray that this civil action be removed from the Superior Court of the State of California, County of San Mateo, to the United States District Court of the Northern District of California. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendants request that it issue an Order to Show Cause so that Defendants may have an opportunity to more fully brief the basis for this removal.

DATED: June 7, 2023           **AKERMAN LLP**

By: */s/ Damien Delaney*
    Damien P. Dellaney
    Kevin Finley
    Attorneys for Defendants