# EXHIBIT B

| | |
|---|---|
| **AKERMAN LLP**<br>DAMIEN P. DELANEY (SBN 246476)<br>damien.delaney@akerman.com<br>KEVIN FINLEY (SBN 318193)<br>kevin.finley@akerman.com<br>601 West Fifth Street, Suite 300<br>Los Angeles, California 90071<br>Telephone: (213) 688-9500<br>Facsimile:  (213) 627-6342<br><br>Attorneys for Defendants<br>CW SILICON VALLEY, LLC and CITY WIDE MAINTENANCE CO., INC. | **Electronically FILED** by Superior Court of California, County of San Mateo<br>ON 6/5/2023<br>By /s/ Priscilla Tovar<br>Deputy Clerk |

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SAN MATEO

| | |
|---|---|
| STEVEN FALLON, an individual<br><br>        Plaintiffs,<br><br>v.<br><br>CW SILICON VALLEY, LLC, a Kansas Limited Liability Company; CITY WIDE, MAINTENANCE CO., INC., a Missouri Corporation; ROB ELLIS, an individual; MICHAEL CANN, an individual; and DOES 1 to 50, inclusive<br><br>        Defendants. | Case No. 23-CIV-02045<br><br>**DEFENDANT CW SILICON VALLEY, LLC AND CITY WIDE MAINTENANCE, CO. INC.'S ANSWER TO PLAINTIFF STEVEN FALLON'S COMPLAINT**<br><br>Complaint Filed: May 3, 2023<br>Trial Date:          None |

Defendant CW Silicon Valley, LLC and City Wide Maintenance, Co., Inc.'s (collectively "Defendants" ) hereby answer Plaintiff Steven Fallon's ("Plaintiff") unverified Complaint in this action as follows:

### GENERAL DENIAL

Pursuant to Code of Civil Procedure section 431.30, Defendants deny, generally and specifically, each and every allegation of the Complaint, deny that Plaintiff is entitled to any relief, and deny that Defendants or any agent, employee, or other person acting on Defendants' behalf engaged in any wrongful act toward Plaintiff whatsoever.

---

1                                                                                                                        CASE NO. 23-CIV-02045
**DEFENDANT CW SILICON VALLEY, LLC AND CITY WIDE MAINTENANCE CO., INC.'S ANSWER TO PLAINTIFF STEVE FALLON'S COMPLAINT**

**AFFIRMATIVE DEFENSES**

In further answer to Plaintiff's Complaint, Defendants allege all of the following as separate and additional defenses. In asserting these defenses, Defendants do not, in any way, agree or concede that it has the burden of production or proof as to any affirmative defenses asserted below. The affirmative defenses asserted herein are based on Defendants' knowledge, information, and belief at this time, and Defendants specifically reserve the right to modify, amend or supplement any affirmative defense contained herein at any time.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

1. Defendants allege that the Complaint fails to state facts sufficient to constitute a cause of action upon which relief can be granted against Defendants.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

2. As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations, including but not limited to, California Code of Civil Procedure §§ 335.1, 340(a), and any other applicable statutes of limitations.

**THIRD AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence)**

3. As a separate and distinct affirmative defense, Defendants allege to the extent discovery may disclose information which could serve as basis for Defendants' actions involving Plaintiff's employment, Plaintiff is barred from recovery by the after-acquired evidence doctrine.

**FOURTH AFFIRMATIVE DEFENSE**

**(Alleged Actions Were not Intentional)**

4. The alleged actions alleged by Plaintiff, if taken by Defendants, were not intentional. As a result, Plaintiff is not entitled to the relief requested in the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

5. As a separate and distinct affirmative defense, Defendants allege that the Complaint,

and each and every cause of action alleged therein, is barred, in whole or in part, by reason of Plaintiff's failure to mitigate his alleged damages, if any, or alternatively, any damages or other relief awarded to Plaintiff must be reduced or limited to the extent of such failure to mitigate.

### SIXTH AFFIRMATIVE DEFENSE
**(Defendants Enforced Lawful Policy)**

6. As a separate and distinct affirmative defense, Plaintiff may not recover punitive damages against Defendants because at all times relevant to the Complaint, Defendants had in place a legally compliant policy to prevent discrimination, harassment and retaliation, and made good faith efforts to enforce that policy.

### SEVENTH AFFIRMATIVE DEFENSE
**(Avoidable Consequences)**

7. As a separate and distinct affirmative defense, Defendants are informed and believe that further investigation and discovery will reveal, and on that basis allege, that Plaintiff's claims are barred, in whole or in part, by the doctrine of avoidable consequences.

### EIGHTH AFFIRMATIVE DEFENSE
**(Mixed-Motive)**

8. Even if Plaintiff should prove that he engaged in protected activity and that his protected activity was a substantial factor or motivating the challenged employment action(s), the same employment action(s) would have been taken based on other legitimate considerations.

### NINTH AFFIRMATIVE DEFENSE
**(Speculative Damages)**

9. As a separate and distinct affirmative defense, Defendants allege that the Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because the damages prayed for are speculative and unforeseeable, and therefore, Plaintiff is barred from recovery.

### TENTH AFFIRMATIVE DEFENSE
**(Offset)**

10. As a separate and distinct affirmative defense, Defendants allege that any recovery to which Plaintiff might otherwise be entitled must be offset, including without limitation by any

unemployment benefits and/or other monies and/or benefits plaintiff has received or will receive.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Preemption)

11. As a separate and distinct affirmative defense, insofar as Plaintiff seeks recovery for alleged physical and/or emotional injury based on conduct by any of the Defendants that neither contravenes fundamental public policy nor exceeds the risks inherent in the employment relationships, such recovery is barred by California Labor Code sections 3601 and 3602, which provide that the exclusive remedy for these alleged injuries is an action or a claim under the Workers' Compensation Act.

## TWELFTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

12. As a separate and distinct affirmative defense, Defendants are informed and believe that further investigation and discovery will reveal, and on that basis alleges, that the Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, by the equitable doctrines of laches, waiver, unclean hands, waiver, estoppel, and/or bad faith.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Consent)

13. As a separate and distinct affirmative defense, Defendants are informed and believe that further investigation and discovery will reveal, and on that basis alleges, that the Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, to the extent that Plaintiff consented to the alleged conduct of any of the Defendants, and by reason of such consent, is barred from seeking or securing the relief prayed for in the Complaint and each of the purported causes of action therein.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Ratification)

14. As a separate and distinct affirmative defense, Defendants are informed and believe that further investigation and discovery will reveal, and on that basis alleges, that the Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, to the extent that

Defendants did not ratify or authorize the alleged conduct.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

15. As a separate and distinct affirmative defense, Defendants are informed and believe that further investigation and discovery will reveal, and on that basis alleges, that the Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because Defendants can show a good faith belief in their compliance with the Labor Code.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Award of Punitive Damages is Unconstitutional)

16. As a separate and distinct affirmative defense, to the extent that Complaint seeks punitive or exemplary damages in the Complaint, they violate the rights of Defendants to protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and in Article I, Section 17 of the Constitution of the State of California and violates the rights of Defendants to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and under the Constitution of the State of California.

## RESERVATION OF RIGHTS

Defendants reserve the right to add additional affirmative defenses or to delete or withdraw such affirmative defenses as may become necessary at any time during the course of this litigation and after a reasonable opportunity for appropriate discovery.

## PRAYER

WHEREFORE, Defendants pray as follows:

1. That Plaintiff take nothing by way of the Complaint;
2. That judgment be entered in favor of Defendants and against Plaintiff;
3. That the Complaint herein be dismissed in its entirety with prejudice;
4. That Defendants be awarded its costs of suit herein;
5. That Defendants be awarded reasonable attorneys' fees as determined by the Court pursuant to the law; and

6. For such other and further relief as the Court deems just and proper.

Dated: June 5, 2023                               AKERMAN LLP

By: _____
Damien P. DeLaney
Kevin Finley
Attorneys for Defendants
CW SILICON VALLEY, LLC, and
CITY WIDE MAINTENANCE CO., INC.

**DEFENDANT CW SILICON VALLEY, LLC AND CITY WIDE MAINTENANCE CO., INC.'S ANSWER TO PLAINTIFF STEVE FALLON'S COMPLAINT**

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action. My business address is 601 West Fifth Street, Suite 300, Los Angeles, California 90071.

On June 5, 2023, I served the following document described as DEFENDANT CW SILICON VALLEY, LLC AND CITY WIDE MAINTENANCE, CO. INC.'S ANSWER TO PLAINTIFF STEVEN FALLON'S COMPLAINT on the persons below as follows:

| | |
|---|---|
| Jeffrey M. Curtiss<br>390 Bridge Parkway, Suite 220<br>Redwood City, California 94065<br>Tel: (650) 739-0200<br>jeff@jcurtisslaw.com | *Attorneys for Plaintiff*<br>Steve Fallon |

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

☐ **BY ELECTRONIC SERVICE**: Complying with Code of Civil Procedure § 1010.6, I caused such document(s) to be electronically served on the party identified and no error was received when transmitted.

☐ **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 5, 2023, at Los Angeles, California.

_____
Carmen Chavez

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

7    CASE NO. 23-CIV-02045
DEFENDANT CW SILICON VALLEY, LLC AND CITY WIDE MAINTENANCE CO., INC.'S ANSWER TO PLAINTIFF STEVE FALLON'S COMPLAINT